Spear, J.
It is to be noted that the only defense pleaded was the six years’ statute of limitations, the allegation being, and it is true, that more than six years intervened between the accruing of the cause of action on the account *196 and the commencement of the action before the justice even deducting therefrom the time which intervened between the date of the allowance by the administrator and the notice to the plaintiff below of the disallowance of the claim. So that if the six years’ statute applies then the judgment below was wrong'. It is not, and could not reasonably be claimed, that the allowance of the claim did not arrest the running of the statute. Admr. of Gilbert v. Admr. of Little, 2 Ohio St., 156; Taylor v. Thorn, 29 Ohio St., 569; Thomas v. Chamberlain, 39 Ohio St., 112. But the claim is that with the removal of the disability to bring action by the rejection of the claim the statute was enlivened and commenced to run again. Counsel for plaintiffs in error also urge that the six years’ limitation does apply, and the proposition tersely stated is that the language of the statute, sections 4979 and 4981, Revised Statutes, providing that a civil action upon a contract not in writing can only be brought within six years after the cause of the action accrues, is a definite and distinct inhibition against the bringing of such action after the six years; that the statute of limitations being a statute of repose the suspension of the right should not be extended because the party is entitled only to the available days, those within which such suit might be brought, for otherwise the repose which the statute is intended to effect would be destroyed.
This on its face is a plausible view. But is it sound? In Thomas v. Chamberlain, supra, it is held that: “In an action against an administrator on a note which matured more than fifteen years before the commencement of the suit, where *197 it is alleged in the petition that before the expiration of fifteen years from its maturity, the note, duly verified, was presented to the administrator for allowance as a valid claim against the estate and the same was duly allowed, an answer which does not deny the fact of such allowance but simply avers that the action was not commenced within fifteen years from the maturity of the note is bad on demurrer.” It is also held in that case that the six months’ limitation prescribed by section 6097, Revised Statutes, applies to a case where a claim, when first presented for allowance is rejected, but has no application to a case where the claim has been duly allowed by the administrator and afterwards rejected by the same administrator or an administrator de bonis non. It is difficult to see how, in the face of this adjudication, the claim of plaintiffs in error can be seriously insisted upon. This holding, it is to be observed, is based upon the statute as it stood November 11, 1873, the time that suit was commenced, and of course does not take account of subsequent legislation, because of which fact another view of the situation is pertinent, which view however, leads to the same result. Section 6097 provides that where the claim is rejected, and shall not have been referred, the claimant shall, within six months after such rejection, if the debt or any part be then due, or within six months after some part shall become due, commence a suit or be forever barred from maintaining any action thereon, which is the statute referred to in the opinion as applicable to the case above cited. A supplementary act was passed in 1877, (74 Ohio Laws, 91), which makes provi *198 sion for the rejection of the claim' against an estate on the demand of any' heir, creditor, etc., and requiring suit to be commenced on any such rejected claim within six months after such rejection. This act did not in terms cover the case of the rejection of a claim which had once been allowed. But,' by an amendment adopted May 7, 1878, (75 Ohio Laws, 881), there was incorporated the clause “and whether said claim has been allowed or not.” This legislation is carried into the Revised Statutes as section 6098, and is the section which applies to the present case. Its provisions authorized the demand made by the plaintiff in error, Emma G. Ruble, upon the administrator to reject Phillips’ claim. This section also provides that the claimant shall be required to bring his action within six months after such rejection. Now, it is true that neither of the sections cited refers in terms to the general statute of limitations, yet it is a fair inference to assume that the converse of the requirement as to the time within which suit must be brought is to be presumed; that is to say, such creditor must bring his action within six months or be barred; but if he does bring it within six months he shall not be barred. Pursuing this line of thought further it may be reasonably assumed that in framing section 6098 the law-makers, having before them the special subject and situation of the creditor’s standing with respect to a claim once allowed and later disallowed, legislated with respect to that particular situation. In such case the provision of the general limitations statute (section 4976), to the effect that “where a different limitation is prescribed by statute that *199 shall govern,” and the rule that where general and special provisions of statute appear on their face to conflict, the latter shall control, would seem to have application.
We are of opinion that the case at bar comes within the purview of section 6098, Revised Statutes, and conclude, therefore, that in the present case Phillips had six months after the rejection of his claim within which to bring his action notwithstanding more than six years had elapsed after the accruing of the. cause of action. The opposite conclusion would practically defeat a claim which might be allowed on the last day of the six years and disallowed on a subsequent day, for the time within which suit could be brought would be wholly gone or be so short as to make the bringing of it impracticable, a result which the general assembly cannot have intended. This conclusion is somewhat aided by the holding in Stewart, Admr., v. McLaughlin, Admr., 47 Ohio St., 555, and is consistent with the spirit of the opinion of Mcllvaine, J., in Thomas v. Chamberlain, supra.

Judgment affirmed.

Price, C. J., Shaucic, Crew, Summers and Davis, JJ., concur. •